IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | )     No. 1:22-cr-57-RGE-HCA |
| Plaintiff, | ) |
| | ) |
| vs. | )     BRIEF IN SUPPORT OF |
| | )     MOTION TO SUPPRESS |
| ERNEST RAY ROBERTS, JR., | ) |
| | ) |
| Defendant. | ) |

Table of Contents

I.   FACTUAL BACKGROUND ................................................................................................ 2

II.   LEGAL ARGUMENT ....................................................................................................... 3

    A.   Officer Owens violated Mr. Robert's 4th Amendment rights by searching his phone without a warrant.     3

    B.   Any evidence obtained from Mr. Roberts' phones was derived from Officer Owens' unconstitutional search of phone 1 and should therefore be suppressed.     4

III.   CONCLUSION .................................................................................................................. 4

An indictment charged Ernest Ray Roberts, Jr. with one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Doc. 2.

In support of this motion, Mr. Roberts offers the following exhibits:

Exhibit A – Officer Matt Owens' Application for warrant to search Mr. Roberts' phone that was lost at Prairie Flower Casino.

Exhibit B – Deputy Anthony Kava's Application for warrant to search Mr. Roberts' phone that was seized from him during his arrest on the related state court charges.

1

## I.   FACTUAL BACKGROUND

On August 1, 2021, Mr. Roberts unintentionally lost his phone at the Prairie Flower Casino in Carter Lake, Iowa. Casino personnel discovered Mr. Roberts' phone laying on the casino's floor. A member of the casino staff opened the cell phone and searched the images to try and discover its owner. While doing so, the staff member saw images they believed may be child pornography. Staff discussed what to do and decided to call the Carter Lake Police Department.

When Carter Lake Police Officer Matt Owens arrived at the casino a security guard gave him a brief rundown of what they found, then opened Mr. Roberts' cell phone and handed it to him. Officer Owens reported that the security guard opened the phone to a "slightly blurry picture of a half-naked child." Officer Owens then conducted a warrantless search of Mr. Roberts' cell phone. He described in his report that he observed a "very large amount of pictures of young children scantily dressed and placed in compromising positions."

Officer Owens seized the phone and applied for a warrant to conduct a further search of the cell phone. The warrant application provided no greater detail than that given above. (Exhibit A)

On May 15, 2022, Mr. Roberts was arrested on State of Iowa charges related to the images found on his first phone. A second phone was seized from him on the date of his arrest. Pottawattamie Deputy Sheriff Anthony Kava, who had performed the forensic examination of the first phone, applied for and was granted a warrant to search the second phone. (Exhibit B) The application for that warrant contained information obtained by Carter Lake Police Officer

Matt Owens during his unconstitutional search of phone No. 1.   The application also included Deputy Kava's subjective opinion that some of the images he located on phone one was child pornography.   Neither application contained a detailed description of the acts depicted in the images.   All the evidence obtained from the phones is derived from Officer Owens unconstitutional search of phone 1 and should be suppressed.

## II.   LEGAL ARGUMENT

### A. Officer Owens violated Mr. Robert's 4th Amendment rights by searching his phone without a warrant.

"Modern cell phones are not just another technological convenience.   With all they contain and all they may reveal, they hold for many Americans 'the privacies of life'" *Riley vs. California*, 573 U.S. 373 at 403 (2014) quoting *Boyd v. United States*, 116 U.S. 616 at 625 (1886) Because of the cell phones unique capabilities and because of the role cell phones play in our lives, the United States Supreme Court held that police may not search a cell phone incident to arrest.   They must first obtain a warrant.

Neither the cell phone's unique role, nor the special protection the U.S. Supreme Court has accorded cell phones evaporates because a cell phone is lost or mislaid.   Officer Owen searched Mr. Roberts' phone for the sole purpose of discovering evidence of a crime.   He did so without a warrant and without any exigent circumstances or exception to the warrant requirement.   A warrantless search is presumptively unreasonable absent some exception to the warrant requirement.   *United States v. Hernandez Leon*, 379 F.3d 1024, 1027 (8th Cir.

3

2004)

B. **Any evidence obtained from Mr. Roberts' phones was derived from Officer Owens' unconstitutional search of phone 1 and should therefore be suppressed.**

As a generally accepted principle, the exclusionary rule prohibits the admission of evidence unlawfully obtained pursuant to an unreasonable search or seizure. *Weeks v. United States,* 232 U.S. 383. 398 (1914). Likewise, derivative evidence obtained directly or indirectly from an unlawful search is inadmissible. *Wong Sun v. United States*, 371 U.S. 471, 484-485 (1963)

The Court should suppress any testimony from Officer Owen regarding the images he observed during his warrantless and unconstitutional search of Mr. Roberts' phone. The Court should also suppress any evidence gained during the further examination of both phones. Those searches are tainted because the warrants authorizing them were obtained using information either gained or derived from Officer Owens' unconstitutional search.

III> **CONCLUSION**

WHEREFORE, the defendant, Ernest Roberts, Jr., respectfully requests that all evidence seized from his cell phones be suppressed.

Respectfully submitted,

  /s/ *Michael F. Maloney*
MICHAEL F. MALONEY
FEDERAL PUBLIC DEFENDER'S OFFICE
701 Pierce Street, Suite 400
Sioux City, Iowa 51101
Phone: 712-252-4158

Email: Mike_Maloney@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I filed this document via ECF, which will serve notice of its filing to the appropriate parties.

/s/ Michael F. Maloney