IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:22-cr-057 |
| v. | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| ERNEST RAY ROBERTS, Jr., | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced on March 19, 2024, following defendant's plea of guilty to Count 1 of the Indictment charging Possession of Child Pornography in violation of Title 18, United States Code, Sections 2252(a)(4)(B). The Presentence Investigation Report ("PSR") calculated a Total Offense Level of 19 and a Criminal History Category of I with an advisory guideline range of 30-37 months' imprisonment. (PSR ¶ 94.) The parties agree to recommend a sentence of 24 months' imprisonment. (PSR ¶ 96.)

### I.   Advisory Guideline Range

The PSR calculated a Base Offense Level of 18 pursuant to USSG §2G2.2(a)(1). (PSR ¶ 29.) A 2-level enhancement was applied for the involvement of prepubescent children pursuant to USSG §2G2.2(b)(2). (PSR ¶ 30). A 2-level enhancement was attributed for number of images pursuant to USSG § 2G2.2(b)(7)(A). (PSR ¶ 31.) A 3-level reduction was applied for acceptance of responsibility pursuant to USSG

1

§ 3E1.1(a),(b). (PSR ¶ ¶ 37, 38.)  The Government will recommend the third level reduction to the Court. The only issue for the Court to determine at sentencing is the appropriate/reasonable sentence to be imposed in this matter.

    II.    **Title 18 U.S.C. § 3553(a) Factors.**

The factors the Court must use to determine a reasonable sentence are:
- (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
- (2) the need for the sentence imposed;
  - (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
  - (B) to afford adequate deterrence to criminal conduct;
  - (C) to protect the public from further crimes of the defendant; and
  - (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
- (3) the kinds of sentences available;
- (4) the sentencing range from the guidelines;
- (5) any pertinent policy statements by the Sentencing Commission;
- (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
- (7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)). "A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The Court considers all of the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence. The Court is not required to do so, however. In any event, the Court needs to determine a

"reasonable sentence" using the Guidelines established sentence as a starting point.

The first factor the court looks at is, the nature and circumstances of the offense and the history and characteristics of the defendant. The defendant possessed child pornography on two different cellular phones. The defendant watched YouTube or similar websites and screen shotted children in compromising positions who were often engaging in normal child behaviors like playing, swimming, and dancing. The defendant's actions occurred over a period of time and his interest in children is clearly apparent. The defendant's first cellular phone was lost at the casino and forensically examined. When the defendant was arrested, he had a second cellular phone which contained similar images to his first cellular phone.

The defendant's criminal history includes a DUI in 1992 and 2005 as well as other traffic related offenses. (PSR ¶ ¶ 42,43, 44, 45.)

In mitigation, the defendant's childhood was unstable, and he witnessed violence between his parents. (PSR ¶ ¶ 52, 53.) The defendant reported health issues and reports of substance and alcohol use. The defendant has participated in treatment in the past and treatment while incarcerated and on supervised release would benefit him, considering his ongoing use. (PSR p. 13.) The defendant also has a work history as a cook. (PSR ¶ ¶ 82, 83.)

The Court may consider the programming available to the defendant while incarcerated. The defendant would benefit from participation in treatment in the areas of sex offender, mental health, and substance abuse. He may also consider a school or trade to utilize once released.

The court must consider adequate deterrence to both this defendant as well as others who are similarly situated. The court should also consider the protection of the community when crafting an appropriate sentence. The government is recommending the Court impose the sentence advocated by the parties.

        Respectfully Submitted,

        Richard D. Westphal
        United States Attorney

By:   */s/Shelly Sudmann*
        Shelly Sudmann
        Assistant United States Attorney
        2146 27th Avenue
        Council Bluffs, Iowa 51501
        Tele:  (712) 256-5009
        Fax:  (712) 256-5112
        Email:  shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

___U.S. Mail ___ Fax ___Hand Delivery

_X_ECF/Electronic filing ___Other means

UNITED STATES ATTORNEY

By: */s/JLR*
    Paralegal Specialist