AO 245B (Rev. 09/19)   Judgment in a Criminal Case
v1                     Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| ERNEST RAY ROBERTS JR. | ) | Case Number: 1:22-cr-00057-001 |
| | ) | USM Number: 30714-510 |
| | ) | Michael F. Maloney |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One of the Indictment filed on October 25, 2022.

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(4)(B), 2252(b)(2) | Possession of Child Pornography | 08/01/2021 | One |

☐ See additional count(s) on page 2

   The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)          ☐ is   ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 19, 2024
Date of Imposition of Judgment

*/s/ Rebecca Goodgame Ebinger*
Signature of Judge

Rebecca Goodgame Ebinger, U.S. District Judge
Name of Judge              Title of Judge

March 19, 2024
Date

Case 1:22-cr-00057-RGE-HCA   Document 112   Filed 03/19/24   Page 2 of 8
AO 245B (Rev. 09/19) Judgment in a Criminal Case
v1                   Sheet 2 — Imprisonment

Judgment Page: 2 of 8

DEFENDANT: ERNEST RAY ROBERTS JR.
CASE NUMBER: 1:22-cr-00057-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

24 months as to Count One of the Indictment filed on October 25, 2022.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant is remanded to the custody of the United States Marshal for surrender to the ICE detainer.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before _____ on _____

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
v1       Sheet 3 — Supervised Release

Judgment Page: 3 of 8

DEFENDANT:  ERNEST RAY ROBERTS JR.
CASE NUMBER: 1:22-cr-00057-001

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
Seven years as to Count One of the Indictment filed on October 25, 2022.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
v1            Sheet 3A — Supervised Release

Judgment Page: 4 of 8

DEFENDANT: ERNEST RAY ROBERTS JR.
CASE NUMBER: 1:22-cr-00057-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: ERNEST RAY ROBERTS JR.
CASE NUMBER: 1:22-cr-00057-001

# SPECIAL CONDITIONS OF SUPERVISION

You must participate in a program of testing and/or treatment for substance abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Office. At the direction of the probation office, you must receive a substance abuse evaluation and participate in inpatient and/or outpatient treatment, as recommended. Participation may also include compliance with a medication regimen. You will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment. You must not use alcohol and/or other intoxicants during the course of supervision.

You must submit to a mental health evaluation. If treatment is recommended, you must participate in an approved treatment program and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment and/or compliance with a medication regimen. You will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

You must submit to a gambling assessment and participate in any recommended treatment. You must abide by all supplemental conditions of treatment and contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment. You must not participate in gambling or frequent residences or establishments where gambling is ongoing.

You must participate and follow the rules of a sex offense-specific treatment program, as directed by the U.S. Probation Officer. Participation may include inpatient/outpatient treatment and/or compliance with a medication regimen. You must contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third-party payment. Sex offense-specific treatment shall be conducted by therapists approved by the U.S. Probation Office, who shall release all reports to the U.S. Probation Office.

You must submit to periodic polygraph testing, as directed by the U.S. Probation Office, to ensure that you are in compliance with the requirements of your supervision or treatment program. You will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third-party payment. Polygraph testing will be conducted by polygraph examiners approved by the U.S. Probation Office, who will release all reports to the U.S. Probation Office. The results of polygraph examinations will not be used for the purpose of revocation of supervised release or probation. As used in this paragraph, "the results" that will not be used in a revocation hearing are the polygraph examiner's ultimate opinions or findings regarding whether deception or a significant response has been detected during the examination. Any statements made by you during the polygraph examination during pre-examination or post-examination interview(s) may be used in any manner, including to generate separate leads or investigations, at a revocation hearing. Failure to answer questions during the polygraph examination may be grounds for revocation, unless you choose not to answer any questions perceived or deemed incriminating, which may then be referred to the Court for resolution.

You must not have any direct contact (personal, electronic, mail, or otherwise) with any child you know or reasonably should know to be under the age of 18, including in employment, without the prior approval of the U.S. Probation Officer. If contact is approved, you must comply with any conditions or limitations on this contact, as set forth by the U.S. Probation Officer. Any unapproved direct contact must be reported to the U.S. Probation Officer within 24 hours. Direct contact does not include incidental contact during ordinary daily activities in public places.

You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, artwork, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256). You must not correspond with anyone in the business of providing such material, or enter adult entertainment venues where sexually explicit conduct is the primary product(s) for purchase or viewing.

You must not use or possess any internet capable device without the approval of the U.S. Probation Officer. If the use of an internet capable device is approved by the U.S. Probation Officer, you must permit third party disclosure to any potential co-user, employer, or potential employer concerning any computer/internet related restrictions that are imposed upon you.

DEFENDANT: ERNEST RAY ROBERTS JR.
CASE NUMBER: 1:22-cr-00057-001

Judgment Page: 6 of 8

# ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

If approved by the U.S. Probation Officer to use or possess computers (as defined in 18 U.S.C. § 1030(e)(1)), internet capable devices, cellular telephones, and other electronic communications or data storage devices or media, you must submit your devices to unannounced examinations/searches, and possible removal for a more thorough inspection. You must allow the installation of monitoring hardware and software on such equipment, abide by and cooperate in supplemental conditions of monitoring, and pay the costs associated with this service, as directed by the U.S. Probation Officer. You must notify third parties who use these devices that the devices are subject to monitoring and/or unannounced examinations.

You must comply with all sex offender laws for the state in which you reside and must register with the local sheriff's office within the applicable time frame.

You must reside, participate, and follow the rules of the residential reentry program, as directed by the U.S. Probation Officer, for up to 120 days. The residential reentry program is authorized to allow up to six hours of pass time per week for good conduct when you become eligible in accordance with the residential reentry program standards.

You will submit to a search of your person, property, residence, adjacent structures, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), and other electronic communications or data storage devices or media, conducted by a U.S. Probation Officer. Failure to submit to a search may be grounds for revocation. You must warn any other residents or occupants that the premises and/or vehicle may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your release and/or that the area(s) or item(s) to be searched contain evidence of this violation or contain contraband. Any search must be conducted at a reasonable time and in a reasonable manner. This condition may be invoked with or without the assistance of law enforcement, including the U.S. Marshals Service.

DEFENDANT: ERNEST RAY ROBERTS JR.  
CASE NUMBER: 1:22-cr-00057-001

Judgment Page: 7 of 8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

☐ Pursuant to 18 U.S.C. § 3573, upon the motion of the government, the Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** |  | $0.00 | $0.00 |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.  
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.  
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ERNEST RAY ROBERTS JR.
CASE NUMBER: 1:22-cr-00057-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____, or
    ☑ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary payments are to be made to:
Clerk's Office, United States District Court, P.O. Box 9344, Des Moines, IA 50306-9344.

While on supervised release, you shall cooperate with the United States Probation Office in developing a monthly payment plan, which shall be subject to the approval of the Court, consistent with a schedule of allowable expenses provided by the United States Probation Office.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All crimnal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

a black Samsung mobile phone bearing IMEI number 354235112322106 containing a SIM card bearing ICCID number 89148000005192819, and a black Samsung mobile phone bearing IMEI number 355820492456506 containing an ICCID number 8901240240771137075, as outlined in the Preliminary Order of Forfeiture filed on March 18, 2024.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.